### ESTATE OF JAMES OTIS.

No. 6748—January, 1879.

SALE OF REAL ESTATE.—Variance between written bid and order and notice of sale.

A purchaser who has filed a written bid which is, by its conditions, at variance with the order and notice of sale of real estate, but to whom the real estate has been confirmed, in accordance with his bid, is not entitled to have the decree of con. firmation vacated and himself released from his contract on the ground of the variance.

Construing section, C. C. P., 1554.

*McAllisters & Bergin,* for executors.

*P. G. Galpin,* for purchaser.

The order for sale of the real estate, authorized the executrix and executor to sell, " at either public or private sale, as they shall judge to be most beneficial for said estate, for cash, or on a credit not exceeding one year, payable in gross or in instalments."

The notice given, inviting bids, stated that the sale would be "for cash, in gold coin."

The following bid was received:

" SAN FRANCISCO, October 2, 1878.
" *To Executors of the Estate of James Otis, deceased:*

" I offer, for sixty days, the sum of $7,500 for the 50-vara lot 5, in block 238, Western Addition, with perfect title, and

free from all liens and incumbrances.    Terms, one-third
cash on delivery of deed, balance payable in two years, at
8 per cent. interest per annum, with privilege of paying off
the whole, or part, before maturity; and for any sums so
paid, a discharge to be given of so much of the land equal
in value to amount paid.    I enclose $500 as a deposit.    .
                                    " L.  S.  B.  SAWYER."

Report of the sale was made, and notice of hearing given
by posting.    A decree made, confirming the sale to L. S. B.
Sawyer, reciting as follows:

"That at such sale, L. S. B. Sawyer became purchaser
of said parcel of real estate, for the sum of seven thousand
five hundred dollars, in United States gold coin, payable in
manner following, to wit: One-third of said sum of seven
thousand five hundred dollars, to wit: two thousand five
hundred dollars, cash on delivery of deed therefor, and the
remaining sum of five thousand dollars, with interest at the
rate of eight per cent per annum, payable in two years, with
the privilege of paying off the whole, or part thereof, at any
time within said two years; and a discharge of the mortgage
to be given of such part of said real estate as shall be pro-
portionate to the amount of partial payment made, and the
deferred portion of said purchase price to be secured by
mortgage upon said parcel of land."

L. S. B. Sawyer now asks that the order of confirma-
tion be set aside, on the ground that the notice of sale did
not conform to the order of sale, and that the bid contained
provisions not embraced in the order.

By the COURT:    The application of L. S. B. Sawyer is
denied.    In law, he had notice of the terms of the order of
sale, and of the notice given; he, having such notice, put in
such bid as he was advised.    He had notice (by posting) of
the hearing for confirmation, and, in contemplation of law,
was present, making no objection.    He cannot now be heard
to say that the bid and confirmation were not according to
the notice.    Whether or not the title would pass, is not now
considered; neither is it considered whether the order of
confirmation would be sustained on appeal.    It is only con-

sidered that the motion of the purchaser to vacate the order of confirmation cannot be sustained.